*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-407

MAY TERM, 2011

| | | |
|---|---|---|
| Donald Sinex | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Civil Division |
| | } | |
| Christopher Wurster | } | DOCKET NO. 430-6-07 Rdcv |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Donald Sinex appeals the trial court's ruling that no enforceable contract existed between him and Christopher Wurster concerning payment of education expenses for their step-daughter/daughter ("daughter"). We affirm.

Wurster and his ex-wife divorced in 1994, and primary physical custody of their daughter was awarded to ex-wife, who later married Sinex. For the following twelve years, Wurster paid $867 per month in child support. In May 2006, Sinex invited Wurster to share in the cost of a private boarding school for daughter. Sinex proposed a fifty-fifty split of expenses with Wurster's share reduced by the amount Wurster paid in monthly child support. Wurster and Sinex met twice to discuss the matter. On the second occasion, the two men orally agreed to a fifty-fifty split of tuition. Wurster's child support obligation and its role, if any, in the tuition sharing arrangement was not discussed at the meeting. Wurster believed that his child support obligation was to be deducted from his share of the tuition. At no time did Sinex inform Wurster that the Vermont town where he lived would contribute approximately $10,000 annually toward daughter's tuition. During the summer following the parties' meeting, Wurster sent Sinex at least two checks for tuition payment, one of which indicated a deduction for Wurster's monthly child support payment. When the parties disagreed as to Wurster's obligation, Wurster contacted his ex-wife to negotiate an increase in his child support obligation to cover his share of daughter's tuition. Sinex then threatened legal action against Wurster. By October 2006, Wurster had ceased all tuition-share payments and instead filed a petition asking the family court to increase his child support obligation. The court granted the petition, increasing Wurster's monthly child support obligation to $1498.

In June 2007, Sinex sued Wurster for breach of contract. In its original decision, the civil division of the superior court determined that the only equitable solution was to order Wurster to pay half of daughter's tuition costs after the town's contribution was deducted, in addition to his monthly child support obligation. On appeal, we reversed that decision, concluding that the trial court's findings were insufficient to allow us to determine what was actually decided. Sinex v. Wurster, No. 2009-048, 2009 WL 2901866, at *2 (Vt. Sept. 4, 2009) (unpub. mem.). We remanded the matter for the court to determine whether there was a legally binding contract between the parties and, if so, what the terms of the agreement were and whether Wurster

breached the agreement.  Id.  On remand, the trial court ruled that although the parties had agreed in some sense to split the cost of daughter's tuition, they had not entered into a legally binding agreement as to the amount of the obligation for each party.  The court found that the parties never agreed upon the effect of either Wurster's child support obligation or the town's tuition contribution in calculating each party's tuition share.  Therefore, the court concluded, there was no meeting of the minds on an essential term of the agreement—how much each party owed—and thus no legally enforceable contract.

On appeal, Sinex argues that the trial court erred by not enforcing the plain terms of the oral agreement—a fifty-fifty split of daughter's tuition—and instead looking into Wurster's subjective belief that his child support obligation was to be offset against his share of the tuition.  According to Sinex, because the parties did not discuss Wurster's child support obligation during the second meeting when they agreed to split daughter's tuition costs, Wurster's child support obligation is irrelevant.  As for the town's contribution toward daughter's tuition, Sinex states that because that contribution lowers the tuition, the parties should split equally, as agreed, the amount of tuition after the contribution is deducted.

We find Sinex's arguments unavailing.  The parties' correspondence before the meeting at which they agreed to split daughter's tuition indicated that they were considering the effect of Wurster's child support obligation on what he would be expected to contribute toward daughter's tuition.  Yet, the parties failed to clarify or confirm at the meeting what effect, if any, the support obligation would have.  Moreover, Sinex failed to inform Wurster of the town's contribution, and thus it was not clear from their agreement whether Sinex expected Wurster to pay one-half of the full tuition or one-half of the net tuition after the town's contribution was deducted.  In short, as the trial court found, there was no agreement on the most essential term of the arrangement—the financial obligations of each party.  Therefore, the trial court acted well within its discretion in concluding that the arrangement was not a legally enforceable contract.  See Quenneville v. Buttolph, 2003 VT 82, ¶ 16, 175 Vt. 444 (holding that binding agreement "must contain all of the material and essential terms" and that existence of such agreement is question of fact for trial court based on reasonable inferences that may be drawn from other facts); Milot v. Calkins, 150 Vt. 537, 540 (1988) (stating that where trial court found no mutual understanding because ambiguity in agreement could not be resolved one way or another, our review of trial court's finding was deferential); Evans v. Forte, 135 Vt. 306, 309 (1977) (noting "basic tenet of the law of contracts" that there must be "mutual manifestations of assent or a 'meeting of the minds' on all essential particulars" to agreement).

Further, the trial court's unchallenged findings belie Sinex's claim that Wurster's actions following the agreement reinforced the parties' understanding that Wurster's child support obligation would have no impact on their tuition arrangement.  Indeed, the court found that Wurster's actions following the parties' meeting were entirely consistent with his own interpretation of their arrangement.  Thus, the trial court did not accept Wurster's subjective belief, as Sinex claims, but rather applied objective facts to examine the parties' intent.  See Quenneville, 2003 VT 82, ¶ 17 (stating that parties' intent to be bound by agreement is question of fact to be determined by examining their objective words and deeds and that we will overturn trial court's factual findings only when there is no credible evidence to support them).

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

3